UNITED STATES BANKRUPTCY COURT  Hearing Date: January 8, 2026
SOUTHERN DISTRICT OF NEW YORK  Hearing Time: 10:00 a.m
-------------------------------------------------------------x
In Re:  Case No. 25-12404(PB)
  Chapter 13

CESAR SAMUEL VERA

-------------------------------------------------------------x

**OBJECTIONS TO THE DEBTOR'S CHAPTER 13 PLAN**

To: HON. UNITED STATES BANKRUPTCY JUDGE JOHN P. MASTANDO III

239 ELIZABETH REALTY LLC ("Landlord"), by its attorneys ROSE AND ROSE, hereby objects and interposes the following objections to the Debtor's Chapter 13 Plan:

**Background**

1. 239 Elizabeth Realty LLC ("Owner" or "Landlord") is the owner of the building located at 239 Elizabeth Street, New York, New York 10012 (the "Building")

2. The Debtor entered into a written lease agreement for the rental of 239 Elizabeth Street, Apartment 1, New York, New York 10012( the "Premises") The Lease was renewed by a series of written renewal leases The current monthly rent is $1,014.89.

3. On or about February 19, 2025, the landlord commenced a summary nonpayment proceeding against the Debtor sub nom 239 Elizabeth Realty LLC v. Cesar Vera and Rania Vera, Index No. LT 303159/2025. The Petition stated that the Debtor and his co-respondent owed $4,825.84 in rent arrears through February 2025.

4. On April 23, 2025, the proceeding was settled pursuant to a Stipulation of Settlement. The Stipulation of Settlement stated the following in pertinent part:

> 2. Respondent acknowledges owing $6,768.22 as all rent due through April 30, 2025...

5. Respondent agrees to pay $6,768.22 by May 11, 2025

6. Further, Respondent agrees to pay May 2025 rent by 5/31/25.
All payments applied to current rent, then arrears.

7. In the event Respondent fails to make any of the payments set forth herein, Petitioner may restore this proceeding for a final judgment and warrant on five days notice to Respondent.

5. Debtor defaulted with respect to the April 23, 2025 Stipulation by failing to pay landlord the monies due thereunder. The landlord moved to restore the proceeding for a final judgment and a warrant pursuant the Stipulation. However, on October 29, 2025–the day before the return date of the landlord's motion–Debtor filed the Chapter 13 bankruptcy petition, staying the motion and the summary nonpayment proceeding.

6. At the time the Petition was filed by Debtor, the Debtor owed $10.683.09 in rent arrears. Ths amount is undisputed. Landlord will be filing a Proof of Claim for this amount.

**Objections to the Plan**

7. Debtor's Chapter 13 Plan proposes to assume the lease. However, the Plan apparently provides for the payment of prepetition rent arrears through the Chapter 13 plan which has a duration of five years. As such, the Debtor cannot assume the lease and the Plan should not be confirmed.

8. In order to assume a lease pursuant to 11 USC 365(b), a debtor must (a) cure the default, or provide adequate assurance that it will promptly cure the default; (b) compensate or provide adequate assurance that the debtor will promptly compensate the landlord for any actual monetary loss caused by the debtor's default, and; ( c) provide adequate assurance of future performance under the lease. *In Re Wireless Data*, 547 F. 3d 484 (2nd Cir. 2008). Debtor fails to satisfy any of these requirements and his plan should not be confirmed

9. Notably, the Debtor's Chapter 13 Plan does not provide that the prepetition default will be promptly cured. While the statute does not define"prompt", it is evident that under any interpretation payment of the arrears over five years does not constitute a "prompt" cure. In *In Re Liggins*, 145 BR 227 (Bankr Ct. N. D. Ill 1992), the Court sustained the landlord's objections and denied confirmation of a Chapter 13 plan where the debtor proposed to assume the lease by curing pre-petition arrears over the 48-60 month duration of the plan. The Court stated the following in pertinent part:

> Aside from the fact that the debtor proposes to pay less than the delinquency amount claimed by Berkley, the plan seeks to cure the default over a 48 or 60 month period. Section 365(b) (1) requires, however, that if a debtor does not immediately cure a default upon assumption, the debtor must provide adequate assurance of proper cure of the default. It is obvious on the face of it that the deferred payments over a four-year period do not constitute a prompt payment. Moreover, debtor's proposal to pay out the delinquency from earnings during the life of the plan can scarcely provide adequate assurance of her ability to cure the default. (Citations omitted).

10. Courts have consistently held that a proposed cure over a period of two years or more was not "prompt" for the purposes of 11 USC 356(b)(1). See, e.g, *In Re DiCamillo*, 206 BR 64 (Bankr. Ct. D NJ 1992) (proposed cure period of three years not prompt); *In Re Embers 86th St. Inc.* 84 BR 892 (Bankr. Ct. SDNY 1995 (29 month cure period not prompt); *In Re Zerance*, 2003 WL 261704 (Bankr. Ct. MD Pa 2003) (cure period of three years not prompt); *In Re Yokley*, 99 BR 394 (Bankr. Ct. MD Tenn 1989) (cure period of two years not prompt).

11. Therefore, as the Debtor's Chapter 13 plan does not provide for the prompt cure of pre-petition default, and cannot provide adequate assurance of future performance, the Plan should not be confirmed.

WHEREFORE, it is respectfully requested that the confirmation of the Debtor's Plan be denied in its entirety, together with such other and further relief as the Court may deem proper.

Dated: December 29, 2025
New York, NY

_____
ROSE & ROSE
Attorneys for Landlord
291 Broadway, 13th floor
New York, New York 10007
By: Dean Dreiblatt
(212) 349-3366
ddreiblatt@roseandroselaw.com